**Saunders DORSEY, et al. Plaintiffs**

v.

**The HOME DEPOT U.S.A., INC., et al. Defendants**

**No. CIV.PJM 01–1449.**

United States District Court, D. Maryland.

July 11, 2003.

See Also, 271 F.Supp.2d 726.

Saunders Dorsey, Esquire, Farmington Hills, MI, Lolita James Martin, Esquire, Bowie, MD, Lajuan F. Martin, Esquire, Washington, DC, Lynda Vincienne Rice, Alexandria, VA, for Plaintiffs.

Keith A. Halpern, Esquire, Roxane Sokolove Marenberg, Esquire, Richard W. Black, Esquire, Washington, DC, Joseph B. Chazen, Esquire, Riverdale, MD, for Defendants.

### MEMORANDUM OPINION

MESSITTE, District Judge.

This is a case for intentional interference with contract brought by an attorney against an employer that settled claims with employees who were clients of the attorney, without notifying or involving the attorney. In its Opinion of March 27, 2003, the Court observed that if Defendant "Home Depot's employees voluntarily executed declarations of non-representation [by the attorney, the attorney's] claim would be fatally undermined."

The Court directed Home Depot to file a supplemental motion for summary judg-

ment to test this and related issues. Home Depot has now done so and Plaintiff Dorsey has responded.

The Court will GRANT Home Depot's Supplemental Motion for Summary Judgment.

The undisputed record evidence indicates that the employee statements were in fact voluntary in nature. This is so whether or not the statements were "solicited" by Home Depot. The "inducements" offered by Home Depot (allegedly to the employees to make them breach their contracts with Dorsey)—"offers of immediate promotion, cash and stock options"—were simply components of the settlements themselves. But, as the Court observed in its earlier Opinion, entering into settlements with the employees does not *ipso facto* establish a cause of action for intentional interference. Settlements by definition include the consideration offered to the employees in exchange for their agreement to settle.

While Dorsey has provided affidavits from some of the employees suggesting that they were subject to "interference, veiled threats, and inducements" to terminate their employment of Dorsey, each of these employees and several others accepted the benefits Home Depot offered, which involved substantial amounts of cash plus stock options. Each employee so accepting stated in writing that he had had time to consider the settlement offer and he was agreeing to it voluntarily. Each executed a specific statement saying he was not represented by Dorsey at the time and each wrote to Dorsey terminating his employment. Significantly, no employee has requested to disavow his or her settlement.[1] Home Depot engaged in no wrongful conduct in pursuing the settlements and Dorsey has alleged and proved none.

No cause of action for intentional interference with contract lies.

Summary Judgment will be ENTERED in favor of Home Depot.

A separate Order will be ENTERED implementing this decision.

### *FINAL ORDER OF JUDGMENT*

Upon consideration of Defendant Home Depot's Supplementary Motion for Summary Judgment and Plaintiff Saunders Dorsey's Opposition thereto, it is for the reasons set forth in the accompanying Memorandum Opinion, this 11 day of July, 2003

ORDERED:

1) Defendant Home Depot's Supplemental Motion for Summary Judgment (Paper No. 66) is GRANTED;

2) Final Judgment is ENTERED in favor of Defendant Home Depot and against Plaintiff Saunders Dorsey;

3) The Clerk shall CLOSE this case.

---

1. At least one employee (Kimberly Johnson), when approached by Home Depot, apparently refused to negotiate without the assistance of counsel.